UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CLUESMAN,

        Petitioner,        Case Number: 2:12-CV-12123

v.        HONORABLE NANCY G. EDMUNDS

WILLIE SMITH,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Michael Cluesman (Petitioner) is a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He challenges his convictions for several drug-related offenses. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Oakland County Circuit Court to conspiracy to deliver 1000 grams or more of a controlled substance, two counts of delivery of between 450 and 999 grams of a controlled substance, and two counts of delivery of between 50 and 449 grams of a controlled substance. On December 23, 2009, he was sentenced to 22 to 50 years in prison for each conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in his habeas petition. The Michigan Court of

Appeals denied leave to appeal. *People v. Cluesman*, No. 301726 (Mich. Ct. App. Feb. 16, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *People v. Cluesman*, 489 Mich. 976 (Mich. June 28, 2011).

Petitioner then filed the pending habeas corpus petition. He raises these claims:

I. Petitioner was deprived of his due process rights when he was subjected to an invalid sentence.

II. Petitioner was deprived of his due process rights when OV13 and OV14 were scored, resulting in double scoring.

III. Petitioner submits it was also error to score 10 points for OV14 since there was no evidence that Petitioner was a leader in a multiple offender situation.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

3

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner raises three sentencing-related claims in his petition: (1) the trial court improperly scored ten points for offense variable (OV) 14 because the evidence did not show that he was a leader in a multiple offender situation; (2) the scoring of points for OV14 and OV13 resulted in double scoring; and (3) the sentence was based upon facts

not admitted by him or found by a jury.

Petitioner's first and second claims involved the scoring of offense variables. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for these claims.

Third, Petitioner argues that his sentences were improperly based upon facts not admitted by him or determined by the jury. In *Blakely v. Washington*, 543 U.S. 296, (2004), the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Blakely*

5

involved a trial court's departure from Washington State's determinate sentencing structure. In contrast, Michigan has an indeterminate sentencing system for most crimes, including those for which Petitioner is imprisoned. The maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006). Indeterminate sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *Blakely*, 542 U.S. at 304–05, 308–09.

In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

## IV.

For the reasons stated, the petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2012, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager